UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-06-459-1 |
| | § | |
| | § | |
| WILMAR RENE DURAN-GOMEZ *in custody* | § | |

## ORDER

Before the court is defendant Wilmar Rene Duran-Gomez's ("Duran-Gomez") motion to withdraw his guilty plea. Dkt. 155. After review of the motion, the response, the record and the applicable law, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

Duran-Gomez was charged with one count of obstruction of justice on December 4, 2006. Dkt. 1. He entered a bargained-for plea of guilty to that charge on May 25, 2007, in return for a promise that the prosecutor would not oppose a sentence in the low end of the guideline range. Dkt. 75. Duran-Gomez admitted in the plea agreement, and in open court, to the following facts: He was arrested when two bodies were found on his commercial property in a pickup truck. Duran-Gomez admitted to being present during at least part of the beatings that caused the victims' deaths, and he also admitted to intentionally setting fire to the truck in an attempt to dispose of the bodies. While the investigation into the deaths was ongoing, Duran-Gomez, using a tapped telephone line at the detention facility where he was being held, directed his mother (co-defendant Florencia) and sister (co-defendant Judith Lopez) to remove items from his house before a search could be conducted by law enforcement personnel. His mother and sister removed the items, and reported back that they had done so. This call, too, was recorded. *Id*. at 6-8.

No charges were filed against Duran-Gomez arising from the murders, or from the attempt to dispose of the bodies, but Duran-Gomez, his mother and his sister were charged with obstruction of justice arising from the removal of items from his home.  Sentencing on the obstruction charge has been repeatedly postponed.

Duran-Gomez filed the instant motion to withdraw his plea on October 28, 2010, and also asks that a hearing be held.  Dkt. 155.  He asserts that "more serious charges" are being brought by the United States that may carry "sentences of up to life imprisonment, or even the death penalty" and that it would be "unfair and unjust" to use the obstruction conviction to increase his "Criminal History Category" for purposes of sentencing on any such future charges.  *Id*.  The United States opposes the motion.  Dkt. 156.

## LEGAL STANDARD

There is no absolute right to withdraw a guilty plea prior to sentencing, and the defendant bears the burden of establishing a "fair and just reason" for withdrawal.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  The court must determine, under the totality of the circumstances, whether consideration of the following factors supports the motion to withdraw:  (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the withdrawal motion; (4) whether withdrawal would inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

### ANALYSIS

Duran-Gomez's motion relies entirely upon an event that has not yet occurred; the filing of new charges. The motion could, therefore, be denied as premature. However, the court will assume, as have the parties, that such charges are imminent, and will address the motion on the merits.

Duran-Gomez's argument concerning impending (perhaps capital) charges does not tilt a single one of the seven factors identified in *Carr* in favor of permitting withdrawal of his guilty plea. With respect to factor (1), Duran-Gomez does not assert that he is innocent of obstruction of justice. In fact, he admitted his guilt both in the plea agreement and in open court under oath, after having committed the offense over a tapped telephone line. Factor (2) also weighs against withdrawal. Although the United States has not identified any specific prejudice it would suffer, at least some prejudice accrues when a defendant waits more than three years before seeking to withdraw his guilty plea. This same inordinate delay tips factor (3) against withdrawal as well. Duran-Gomez does not explain why he waited more than three years to assert that his plea should be withdrawn due to the possibility of additional charges, even though that possibility existed at the time he pled guilty. Factors (4) and (7) weigh against permitting withdrawal as well, because permitting withdrawal at this late date would both waste judicial resources and inconvenience the court.

Finally, and the factors the court finds most important in this case, factors (5) and (6) weigh heavily in favor of denial of the pending motion. Duran-Gomez does not allege that he was denied close assistance of counsel, nor does he assert that his plea was not knowingly and voluntarily entered. Indeed, both the plea agreement and Duran-Gomez's representations in open court preclude any such assertions. Plaintiff was afforded close assistance of counsel, and he entered a knowing and voluntary plea after a full plea colloquy.

3

Duran-Gomez's motion is odd in that he is not asserting some infirmity in the plea.  Rather, he seems to be asserting that he is disappointed in the ultimate outcome because, apparently, he hoped to avoid any charges arising from the beating deaths of the two victims.  Duran-Gomez must have known at the time of his plea on the obstruction charge, however, that there was a chance he might be charged with additional crimes, particularly since he confessed that he was present for part of the beatings that led to the victims' deaths, and that he then attempted to dispose of the victims' bodies.  In short, the possibility of additional charges has existed since the time the plea was entered, and Duran-Gomez cannot credibly assert that he was unaware of that possibility.  Nor does the plea agreement promise that additional charges will <u>not</u> be filed.  The mere fact that such charges are now imminent does not provide a basis for withdrawing a knowing and voluntary guilty plea.[1]

All seven of the relevant factors weigh in favor of denying the motion to withdraw in this case.  Thus, after consideration of the totality of the circumstances, the motion to withdraw (Dkt. 155) is DENIED.  The court sees no reason for a hearing in this matter, and that motion is also DENIED.

Signed at Houston, Texas on December 1, 2010.

Gray H. Miller
United States District Judge

---

[1]     And, of course, should Duran-Gomez be charged with new crimes, and should he be convicted, he will have the opportunity to challenge the computation of his "Criminal History Category" prior to sentencing.